## H. B. SALLS *et al.* v. F. E. BARONS.

1. TRIAL, *by the Court*—*Findings*. In an action before the district court, tried without a jury, the court was asked to state its findings of fact and conclusions of law separately, and acceded to the request, but subsequently declined to make such findings and conclusions. The record brought to the supreme court shows that the refusal was made with the consent of the plaintiff in error. *Held*, That the refusal was not a ground of error.

2. TAXATION—*Tax Deeds*—*Excessive Costs*—*Validity*—*Evidence*. In a column of the tax-roll, under the head "Costs of advertising," and opposite each tract of land sold for taxes was an entry of 30 cents, and opposite each town lot so sold was an entry of 15 cents. The amount of each entry was 5 cents in excess of the statutory printer's fee; but it was not shown on the trial challenging the validity of a tax deed that the entries were intended to include only the printer's fee. It was shown that no separate charge of 5 cents for each tract was made by the treasurer for preparing the delinquent list for printing or posting, as the statute requires, and that no such charge was made unless it was included in the entries referred to. *Held*, To be insufficient evidence to destroy the validity of a tax deed upon the ground that excessive fees were charged for advertising.

*Error from Cloud District Court.*

ACTION to quiet title. Judgment for plaintiff *Barons*, at the August term, 1885. The defendant *Hitt* brings the case to this court. The material facts are stated in the opinion.

*C. W. Van DeMark*, for plaintiff in error.

*L. J. Crans*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: F. E. Barons brought an action in the district court of Cloud county against H. B. Salls, W. L. Peak, and M. Hitt, alleging that she is the owner in fee and holding possession of certain lots in the city of Clyde, and also of a tract of land near Clyde, all being in Cloud county; that the defendants named claimed some adverse interest therein, the nature and extent of which was unknown, but which was a cloud upon her title; and she asked that the same should be determined, and that her title be quieted. Salls and Peak disclaimed holding any title or interest in the real estate in controversy, but Hitt claimed title and right of possession, and asked that the action against him be dismissed. Barons relied on tax deeds executed by the county clerk of Cloud county on September 10, 1883, based on a default in the payment of the taxes of 1879. The cause was submitted to the court for trial at the August term, 1885, and a general finding was made in favor of Barons, holding that she had the paramount title to the real estate, and adjudging and decreeing that Hitt be forever barred from setting up or claiming any right, title or interest in the real estate adverse to that of the plaintiff, F. E. Barons. Hitt complains of this judgment.

The first objection by the plaintiff in error is, that the court refused to make special findings of fact and law, in accordance with his request. Of course such findings must be made by the court when they are seasonably requested; but in this instance there is no cause of complaint. It appears that he asked for findings and the court acceded to his request, but

later in the trial and for some reason, probably with a view of hastening the final result, he consented to dispense with them, and hence none were made. This consent is shown by the record, and it is conclusive.

The next complaint is, that the charges for advertising the lots and lands sold for taxes were in excess of the actual cost, and of that provided by statute. It is claimed that there was a charge of 30 cents for each tract of land, and 15 cents for each lot. The only way in which this was attempted to be shown was, that in the tax-roll, under a column headed "Costs of advertising," there was entered in the column opposite each tract 30 cents, and opposite each lot 15 cents. What was included in these entries was not definitely shown. The testimony given in explanation of them showed that no separate charge was made by the treasurer for the certificate of sale, nor for preparing the notices of sale to be published and posted, and no charge was made for either of these, except as they may have been included in the entries referred to. The treasurer is required to prepare the notices and list, to cause them to be published in a newspaper, and also to post a copy of them in a conspicuous place in his office. For making out such list for the printer, or to be posted, he is required to charge the party requiring his services, for the use of the county, 5 cents for each tract advertised. Add this item to the charge for printer's fee for each tract or lot, and it exactly equals the amount entered in the tax-roll as costs of advertising. It is a reasonable explanation of the entry, and the two items might very well be united under the not inappropriate head, "Costs of advertising"; at least, it is not satisfactorily shown that an excess was charged for printer's fees, and to sustain his claim it devolved on the plaintiff in error to establish that fact by competent proof.

Another objection is, that the property conveyed in one of the tax deeds was taxed and sold as a single tract, but that it does not lie in a body, and is composed of several distinct and separate parcels. It is claimed that the railroad of the Junction City & Fort Kearney Railway Company touches the land

which was sold in a body, and that the right-of-way of the railroad separated the land into several tracts. The evidence upon this question is of the most doubtful and unsatisfactory character. Some of the witnesses in giving their testimony made use of maps and plats, and their descriptions of the boundaries of the land and of the location of the railroad have not been so transcribed upon the record as to enable us to determine what the facts are. The plats that are copied into the record do not explain themselves, and without explanation throw but little light upon the controversy. The plaintiff in error should have obtained special findings showing the boundaries of the land, the location of the right-of-way of the railroad, the relations existing between the railroad company and Barons, the character of the occupancy by the railroad company, or should have prepared a record in such a way as to have satisfactorily shown these facts. As the record comes here, we are not warranted in overturning the title conveyed and the judgment rendered by the district court upon disputed testimony. The same answer may be made to the claim that the company was in possession of a portion of the land at the time the action was commenced, and therefore the plaintiff could not maintain her action. It may also be remarked that the railroad company is making no claim to the land; but whatever the rights and relations existing between the company and Barons may be, it is in no way affected or prejudiced by this action.

We find no error requiring a reversal, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.